129 A.2d 340 (1957)
John H. McGANN
v.
BOARD OF ELECTIONS et al.
Alfred B. GOBEILLE
v.
BOARD OF ELECTIONS et al.
Harold E. SHIPPEE
v.
BOARD OF ELECTIONS et al.
M. P. Nos. 1195-1197.
Supreme Court of Rhode Island.
January 1, 1957.
Stephen F. Achille, Providence, for respondent Board of Elections.
Alfred H. Joslin, Coleman B. Zimmerman, Thomas H. Needham, Providence, Ray H. Durfee, Newport, Hinckley, Allen, Salisbury & Parsons, Tillinghast, Collins & Tanner, Albert A. Nutini, Harold H. Winsten, Providence, for intervenors.

DECISION.
The above three cases were heard together, involved the same basic issues, and will be decided together.
The motion of the intervenors to dismiss the petition for certiorari in each case on the ground that the general assembly constitutionally is the judge of the qualifications of its own members is unanimously denied. We are not concerned with the ultimate issue of the seating or not seating of any member of the general assembly. The controlling issue before us is purely a question of constitutional law and therefore is solely within the court's jurisdiction under the constitution.
The majority of the court have agreed that, even assuming by extreme liberality there was in existence a valid statute giving the board of elections the right to count civilian absentee and shut-in votes so called, such statute cannot constitutionally and legally be extended to authorize such civilian absentee and shut-in voters to cast their ballots on any day other than election day, November 6, 1956.
Since the board has not informed this court of the number of civilian absentee and shut-in voters who, by the jurat or acknowledgment on the inner envelope, clearly established that they had cast their ballots on election day, we are able only to point out to the board that they should follow the principle as set forth in the case of Roberts v. Board of Elections, R.I., 129 A.2d 330, and that they should count only the civilian absentee and shut-in ballots wherein the inner envelopes establish that they had been sworn to or legally acknowledged on election day.
The records and actions of the respondent board in counting civilian absentee and shut-in ballots contained in inner envelopes not in accordance with our above-stated conclusion, and the declaration of result in each case based thereon are hereby quashed. Our opinion will be filed later.
ROBERTS, J., not participating.
ANDREWS, J. dissents on the ground that the petitioners did not preserve the right to question here the constitutionality of the absentee and shut-in ballots. He agrees, however, that if this question is properly before us then the constitution allows voting of civilian absentee and shut-in voters so called only on election day.